# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-00076-01-CR-W-DGK** |
| | ) | |
| | ) | |
| **MARK A. PERKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant Mark Perkins's Motion to Dismiss filed November 17, 2021. Doc. 32. The Government filed Suggestions in Opposition on November 19, 2021. Doc. 38. Defendant's Reply in Support was filed December 3, 2021. Doc. 39. For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss (Doc. 32) be **DENIED.**

## I.     BACKGROUND

On March 28, 2018, the grand jury returned an indictment charging Defendant Perkins with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. The indictment alleges the unlawful conduct occurred on or about February 25, 2015. *Id.* Defendant was arrested in the Eastern District of Oklahoma on May 4, 2020. Doc. 4. His first court appearance in the Western District of Missouri was on June 2, 2020. Doc. 10. At his initial appearance, the Court set the matter for trial on the July 6, 2020 Joint Criminal Trial Docket. *Id.* Defense counsel made an oral motion to continue the trial setting to the following criminal trial docket. *Id.* The Court granted the request and scheduled a new trial date of August 10, 2020. Docs. 10-11.

On July 16, 2020, Defendant's counsel moved to continue the trial to the January 4, 2021 Joint Criminal Trial Docket. Doc. 16. The Court granted counsel's continuance request. Doc. 19. The Court also set a deadline of October 26, 2020 to file all pretrial motions. *Id.* at 3. Due to the COVID-19 pandemic, the Court issued General Orders on December 1, 2020, and February 1, 2021, which ultimately continued all criminal trials until May 3, 2021. Docs. 22-23. Accordingly, this matter was reset for trial on the May 3, 2021 Joint Criminal Jury Trial Docket. *Id.*

On March 29, 2021, Defendant's counsel again moved to continue the trial setting. Doc. 24. The Court granted the request and set this matter on the June 7, 2021 Joint Criminal Trial Docket. Doc. 25. On April 27, 2021, defense counsel filed another motion to continue the trial setting. Doc. 26. The Court granted the motion and continued the trial to the November 1, 2021 Joint Criminal Trial Docket. Doc. 27. Defense counsel also scheduled a change of plea hearing for October 12, 2021. Doc. 28.

On October 12, 2021, the change of plea hearing was cancelled at defense counsel's request. On the same date, defense counsel moved for a continuance of the November 1, 2021 trial setting so she could have additional time to review the proposed plea agreement and research the potential implication of filing an information and waiving an indictment after the statute of limitations had expired. Doc. 29. The Court granted the motion and continued the matter to the December 6, 2021 Joint Criminal Trial Docket. Doc. 30.

On November 17, 2021, Defendant filed the pending motion to dismiss. Doc. 32.[1] Defendant's motion asks this Court to dismiss his indictment because it "fails to state an offense and is based on an error in the grand jury proceeding." Doc. 32 at 1. On November 18, 2021, defense counsel moved to continue the trial in light of the pending motion to dismiss. Doc. 34.

---

[1] On November 18, 2021, Defendant filed a motion seeking leave of Court to file his Motion to Dismiss out of time. Doc. 35. The Government did not timely respond to the motion. *See* L.R. 7.0(c)(2). On December 3, 2021, the Court granted Defendant's motion and allowed the Motion to Dismiss to be filed out of time. Doc. 40.

The Court granted the motion and continued this matter to the February 14, 2022 Joint Criminal Trial Docket. Doc. 36.[2]

## II. DISCUSSION

Defendant Perkins is charged in Count One of the Indictment with being a felon in possession of a firearm. More particularly, Count One states as follows:

> On or about February 25, 2015, in the Western District of Missouri, the defendant MARK A. PERKINS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms, to wit: a Bersa, 9mm handgun, bearing Serial Number 908081, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Doc. 1. Count One alleges violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Section 922(g)(1) states in pertinent part:

> (g) It shall be unlawful for any person –
>
>> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The penalty for "knowingly" violating section 922(g)(1) is a fine and/or imprisonment of not more than ten years. 18 U.S.C. § 924(a)(2).

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States,* 139 S. Ct. 2191 (2019),[3] which analyzed the term "knowingly" in section 924(a)(2) and its application to section 922(g) offenses. The Petitioner in *Rehaif* was charged with being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The evidence showed

---

[2] Neither Defendant nor the Government objected to any of the continuance requests made in this matter.

[3] The *Rehaif* decision was handed down after the return of the indictment in this case. To date, the Government has not filed a superseding indictment or sought to amend the original charge in light of *Rehaif.*

Rehaif entered the United States on a non-immigrant student visa to attend a university. 139 S. Ct. at 2194. He was subsequently dismissed for poor grades. *Id.* Upon dismissal, the university advised Rehaif his immigration status would be terminated unless he transferred to a different university or left the country. *Id*. Rehaif did neither. *Id*. He later visited a firing range where he shot two different firearms. *Id*. The Government learned of his target shooting and prosecuted him for possessing firearms as an alien unlawfully in the United States in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *Id*.

At trial, the judge instructed the jury (over Rehaif's objection) that the Government was not required to prove Rehaif "knew that he was illegally or unlawfully in the United States." *Id*. He was found guilty and appealed. *Id*. at 2194-95. The Eleventh Circuit affirmed Rehaif's conviction, finding the jury instruction was correct. *Id*. at 2195. The Supreme Court reversed Rehaif's conviction, holding "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

The Court determined the term "knowingly" in section 924(a)(2) modified all non-jurisdictional elements of the offense defined in section 922(g), including the defendant's status as a person who is prohibited from possessing a firearm. *Id*. at 2196. After *Rehaif,* the Government is now required to prove in felon in possession of firearms cases that the defendant knew he possessed a firearm, and he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif,* 139 S. Ct. at 2200; *see also Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (recognizing that after *Rehaif,* the Government must prove the defendant "knew he was a felon when he possessed the firearm.").

The indictment in the present case, which predated *Rehaif*, does not allege Defendant knew his status as a convicted felon. In his motion to dismiss, Defendant contends the indictment must

4

allege he had knowledge of his prohibited status as a convicted felon under the statute in light of *Rehaif*. Doc. 32 at 2. The Government contends the indictment sufficiently charges the offense of being a felon in possession of a firearm because "it track[s] the language of § 922(g)(1)." Doc. 38 at 1.

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Before trial, a defendant may challenge an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(V). When examining the sufficiency of indictment, a court does not consider the sufficiency of the evidence. *See, e.g.*, *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). The government's allegations are accepted as true without reference to allegations outside the indictment. *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991) (citations omitted).

In analyzing the sufficiency of an indictment, the Eighth Circuit has explained:

> [A]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (quoting *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012)).

The test for sufficiency of an indictment is not "whether it could not have been made more definite and certain" but whether it contains "the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet . . . ." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (internal quotations and citation omitted). An indictment "which 'tracks the statutory language' is ordinarily sufficient." *United States v. Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)); *but see Hamling v. United States*, 418 U.S. 87, 117 (1974) (recognizing it is generally sufficient that an indictment tracks the words of the statute as long as those words "set forth all the elements

5

necessary to constitute the offence intended to be punished."); *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (same).

The indictment in this case does not allege Defendant Perkins had knowledge of his prohibited status as a convicted felon. Although the indictment generally tracks the language of the statute, the statutory language standing alone does not clearly indicate whether the knowledge element in section 924(a)(2) applies to the class of persons prohibited from possessing firearms in section 922(g). Further, the term "knowingly" as alleged in Count One follows the allegations regarding prohibited status, which is also separated by commas. *See* Doc. 1. A typical reader may not apply the term "knowingly" to the earlier clause (separated by commas) regarding prohibited status. *See also United States v. Maez*, 960 F.3d 949, 966 (7th Cir. 2020). At first blush, an argument can be made that the indictment is not sufficient as it does not contain all essential elements and merely tracking the language of section 922(g) may not cure the deficiency.

The Eighth Circuit, however, has issued several rulings after *Rehaif* that analyze the sufficiency of indictments charging violations of 18 U.S.C. § 922(g). In *United States v. Jawher*, the defendant argued the district court erred in accepting his guilty plea because, among other things, the court did not inform him of all elements to the crime to which he was pleading. 950 F.3d 576, 579-80 (8th Cir. 2020). The Eighth Circuit found a defendant "without knowledge of his protected status under § 922(g) 'may well lack the intent needed to make his behavior wrongful.'" *Id.* at 581 (citing *Rehaif*, 139 S. Ct. at 2197). Because Jawher established he did not have full knowledge of the elements of the crime to which he was pleading guilty and he had reasonable grounds to contest his knowledge of his prohibited status, the Eighth Circuit determined the district court committed plain error in accepting Jawher's plea. *Id.* Thus, it vacated the plea and conviction. *Id.*

6

While *Jawher* focused on the district court's error in accepting the defendant's guilty plea, the Eighth Circuit also considered the sufficiency of the indictment, which did not allege the defendant knew of his unlawful status under the statute.[4] *Id.* at 579 n.2. The Eighth Circuit found the indictment was sufficient, and there was no error. *Id.* The Court recognized "[a]n indictment is normally sufficient if its language tracks the statutory language." *Id.* (quoting *Sewell*, 513 F.3d at 821). "The language of the indictment against Jawher closely tracked the language of § 922(g)(5)(A) and sufficiently charged [him] with being a prohibited person in possession of a firearm." *Id.* (citation omitted). Accordingly, the Eighth Circuit found Jawher could not "prove that an error, let alone a plain one, exist[ed] in the indictment." *Id.*

In *United States v. Caudle*, the Eighth Circuit reaffirmed an indictment is sufficient if it tracks the statutory language. 968 F.3d 916, 921 n.2 (8th Cir. 2020). Therein, the defendant similarly argued the district court erred in accepting his guilty plea because his indictment failed to allege the *Rehaif* element.[5] *Id.* However, the Eighth Circuit found Caudle's argument was "without merit." *Id.* Relying on *Jawher*, the Court stated, "[t]here was no error, much less a plain error" in the indictment. *Id.* (citing *Jawher*, 950 F.3d at 579 n.2).

---

[4] The indictment charged Jawher as follows:

> On or about September 26, 2017, . . . TALEB JAWHER . . . then being an alien illegally and unlawfully in the United States, and a prohibited person as described by statute and defined by the United States Sentencing Guidelines, did knowingly and intentionally possess in and affecting interstate commerce, a firearm . . . .

*United States v. Jawher*, No. 4:17CR532-HEA (E.D. Mo. Nov. 15, 2017) (Doc. 2).

[5] The indictment charged Caudle as follows:

> Prior to May 18, 2018, the defendant, TIMOTHY EARL CAUDLE, had previously been convicted . . . for grand theft of personal property . . . and . . . possession of firearm by a felon . . . punishable by a term of imprisonment exceeding one year. On or about May 18, 2018 . . . the defendant, TIMOTHY EARL CAUDLE, did knowingly possess one or more . . . firearms in and affecting commerce . . . .

*United States v. Caudle*, No. 4:18-CR-00469-CRW-1 (E.D. Ark. Sept. 5, 2018) (Doc. 3).

In *United States v. Gurley,* the Eighth Circuit analyzed an indictment that failed to allege the defendant knew of his prohibited status under 18 U.S.C. § 922(g)(1). 803 F. App'x 988, 989 (8th Cir. 2020). The Court held the indictment sufficiently charged the offense of being a felon in possession because "[t]he language of [the defendant's] indictment closely followed the language of § 922(g)(1)." *Id.*

Defendant contends *Jawher*, *Caudle* and *Gurley* are distinguishable. Doc. 39 at 3-7. With regard to *Jawher* and *Caudle,* Defendant correctly notes the *Rehaif* claims were raised post-plea under a plain error standard of review. Doc. 39 at 4. When addressing the sufficiency of the indictment, however, the Eighth Circuit found in both cases the indictments were sufficient and there was no error, let alone plain error. *See Jawher,* 950 F.3d at 579 n.2; *Caudle,* 968 F.3d at 921 n.2. This language suggests the holdings were not restricted to only plain error cases.

Defendant also correctly observes *Gurley* involved a post-plea challenge to the indictment's sufficiency. Doc. 39 at 6. According to Defendant, this claim was reviewed under a more deferential standard of review. *Id.* The Court in *Gurley*, however, did not specifically address the standard of review it used when reviewing the sufficiency of the indictment. *Gurley,* 803 F. Appx. at 989. The Court simply held the language of the indictment "closely followed the language of § 922(g)(1)," and therefore, sufficiently charged the defendant with being a felon in possession of a firearm. *Id.*

The holdings in *Jawher*, *Caudle* and *Gurley* were not limited to only cases involving a plain error or a more deferential standard of review. As such, the undersigned is required to apply this Circuit precedent when analyzing the indictment in this case. A district court is bound to apply the precedent of this Circuit. *M.M. ex rel. Special School Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (describing as "fundamental error" a district court's declination to follow an Eighth Circuit decision where the district court viewed the opinion's treatment of a legal issue as

8

"cursory"); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (explaining the district court was bound to apply Eighth Circuit precedence); *see also United States v. Billue*, 576 F.3d 898, 904 (acknowledging one Eighth Circuit panel cannot overrule another panel's opinion). Thus, the decisions in *Jawher*, *Caudle and Gurley* are "controlling until overruled by [the Eighth Circuit] en banc, by the Supreme Court, or by Congress." *M.M.*, 512 F.3d at 459. Because the charging language in *Caudle, Gurley,* and *Jawher* closely resemble the language from the indictment in this case, these three decisions require that Defendant's motion be denied.

In their respective pleadings, the parties also discuss at length whether the Government could seek a superseding indictment against Defendant at this time, including whether the statute of limitations has expired or was tolled due to Defendant's alleged absence from this district, and whether a superseding indictment that added the *Rehaif* knowledge element would substantially alter the original charge. *See* Doc. 38 at 5-6 (Government); Doc. 39 at 1-2, 8-9 (Defendant). The Court would observe, however, that although the Government has had ample opportunity to seek an amended charge after the *Rehaif* decision, no superseding indictment has been returned or filed in this case. Accordingly, the undersigned declines to recommend a ruling as to what the Government would *theoretically* be permitted to do should it decide to seek a superseding indictment in the future.

Eighth Circuit precedence requires the undersigned to find the indictment sufficiently charges him with being a felon in possession. Furthermore, the indictment, as it reads, does not preclude or obviate the Government's requirement to *prove* Defendant's knowledge of his prohibited status at the time he possessed the firearm, which is required for a conviction pursuant to *Rehaif.*

### III.    CONCLUSION

Based on the foregoing, it is

9

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant's Motion to Dismiss.  Doc. 32.

The parties are reminded they have fourteen days in which to file any objections to this Report and Recommendation.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.


DATE: January 14, 2022                                    */s/ W. Brian Gaddy*
                                                         W. BRIAN GADDY
                                                         UNITED STATES MAGISTRATE JUDGE